**VODREY, Admr., Plaintiff-Appellee, v. QUIGLEY, Defendant-Appellant.**

Ohio Appeals, Seventh District, Columbiana County.

No. 748.   Decided November 30, 1956.

Vodrey, Buzzard & Shay, East Liverpool, for plaintiff-appellee.
Guy J. Mauro, Charles McCorkhill, Salem, for defendant-appellant.

## OPINION

By GRIFFITH, J.

Action was filed in the Probate Court of Columbiana County to determine the heirs of Pauline Ann Vodrey who died on the 6th day of March, 1954, at the age of 19.   She died unmarried intestate and survived by no brothers or sisters, parents, or grandparents.

She was adopted on the 15th day of May, 1951, by Sarah Vodrey Gardner.   Helene Campbell Quigley, a sister of Pauline Ann's blood mother, claims to be the natural and legitimate heir notwithstanding the adoption.

J. Norman Vodrey, who admittedly is the next of kin of Sarah Vodrey Gardner, deceased, the adopting mother, claims that the provisions of §3107.13 R. C., which became effective on August 28, 1951, controls Helene Campbell Quigley's right to inherit and that, as a result thereof, she is not an heir of her natural niece; that the statute cut off her rights and that he, a collateral heir of her adoptive parent, is the one entitled to inherit from Pauline Ann Vodrey's estate.

The pertinent provisions of §3107.13 R. C., as applied to our case, are:

"For all purposes under the laws of this state, including without limitation all laws and wills governing inheritance of and succession to real or personal property and the taxation of such inheritance and succession, a legally adopted child shall have the same status and rights,

and shall bear the same legal relationship to the adopting parents as if born to them in lawful wedlock and not born to the natural parents. . . . For the purpose of inheritance to, through, and from a legally adopted child, such child shall be treated the same as if he were the natural child of his adopting parents, and shall cease to be treated as the child of his natural parents for the purposes of intestate succession."

While this statute was not effective at the time of the order of adoption, it was in effect at the time of the death of Pauline Ann Vodrey and governs the question before us as to who is entitled to inherit. **Staley v. Honeyman, 157 Oh St 61 (1952).**

The Probate Court held that the natural blood relative. Helene C. Quigley, is legally no longer an heir of Pauline Ann Vodrey; that Pauline Ann Vodrey's adoptive mother, Sarah Vodrey Gardner, had died without leaving any lineal descendants, and that J. Norman Vodrey is the next of kin of Sarah Vodrey Gardner and that, by virtue of **Sec. H.** of §2105.06 R. C., he is the sole legal heir of Pauline Ann Vodrey.

With this conclusion, we are in accord. Under the amendment of 1951 to the adoption law, an adopted child may no longer inherit property from its natural parents or other natural kin who die intestate. Since August 28, 1951, a legally adopted child in Ohio has the same rights and status as if born in lawful wedlock to the adopting parents with the two exceptions (A) and (B) set out in §3107.13 R. C.

The legislature at that time made a drastic change in the Ohio law with the question of inheritance arising out of adoptions. It is presumed that the amended §3107.13 R. C. is made to affect the purpose expressed. We think the plain language of the statute is decisive of the legal questions raised in this case.

Therefore, the judgment of the Probate Court to the effect that J. Norman Vodrey is the sole legal heir of Pauline Ann Vodrey should be, and hereby is, affirmed.

Judgment affirmed.

## CONCURRING OPINION

### No. 748. Decided December 20, 1956.

Vodrey, Buzzard & Shay, East Liverpool, for plaintiff-appellee.

Metzger, McCorkhill & Metzger and Guy J. Mauro, Salem, for defendant-appellant, Helene C. Quigley.

Clark & Clark, East Liverpool, Hunston, Atkinson & Lower, Salem, for defendants-appellants.

By PHILLIPS, PJ.

On May 15, 1951, Sarah Vodrey Gardner legally adopted Pauline Ann Vodrey, called decedent, who died intestate, unmarried, on March 6, 1954, at age nineteen, survived by no brothers, sisters, parents nor grandparents.

Helene Campbell Quigley, a sister of Pauline Campbell Vodrey, natural mother of Pauline Ann Vodrey, was appointed administratrix of decedent's estate.

Acting under the provisions of §3107.13 R. C., the judge of the court of probate removed Pauline Campbell Vodrey as such administratrix on the ground that she was not next of kin of decedent; and on the action of J. Norman Vodrey to determine heirship held that J. Norman Vodrey was the sole heir of decedent, and appointed him administrator of decedent's estate.

The question presented by the appeal of Helene Campbell Quigley to this court on questions of law from the judgment of the Probate Court is whether Helene Campbell Quigley, sole blood heir of decedent, or J. Norman Vodrey, the sole heir of her adopted parent, inherit from her.

As applicable §3107.13 R. C. (§8004.13 GC), the controlling statute, effective August 28, 1951, provides:—

"* * * For all purposes under the laws of this state, including without limitation all laws and wills governing inheritance of and succession to real or personal property and the taxation of such inheritance and succession, a legally adopted child shall have the same status and rights, and shall bear the same legal relationship to the adopting parents as if born to them in lawful wedlock and not born to the natural parents; provided: * * *.

"For the purpose of inheritance to, through, and from a legally adopted child, such child shall be treated the same as if he were the natural child of his adopting parents, and shall cease to be treated as the child of his natural parents for the purposes of intestate succession."

Sec. 3107.13 R. C., was not in effect when decedent was adopted on May 15, 1951, but was in effect when she died on March 6, 1954.

In **Staley, Admr., v. Honeyman et al, 157 Oh St 61,** it is said:—

"* * * an adopted child's rights to inherit are governed by the laws in force at the time of the death of the decedent and not the laws in force at the time of the adoption, and that an adopted child is entitled to inherit collaterally through as well as from its adopting parent."

I believe that §3107.13 R. C., which I hold is constitutional and controls in this appeal, severs all rights of Helene C. Quigley, decedent's nearest blood relative; and that J. Norman Vodrey, the nearest blood relative of her adopted mother, inherits from her, as held by the trial judge.

In my opinion the trial judge did not err to the prejudice of Helene C. Quigley, as charged by her, "in construing the adoption statute, §3107.13 R. C.," nor in failing to follow the construction adopted by the Ohio Courts; nor "in failing to find that in so far as inheritance is concerned a different rule applies where an adoption is had after the death of the natural parents, than obtains where the natural parents are living"; nor in failing to find that the relationship created by adoption is personal between the adopting parents and the adopted child, that such relationship is in the nature of a contract binding upon the parties to the adoption and no one else"; nor "in failing to find that insofar as inheritance is concerned a different rule applies where a child is adopted by his natural kin than where the adoption is by persons unrelated to such child"; nor "in failing to find that a fraud had been committed

against the court and the alleged adoption was a nullity at law and in equity insofar as the laws of descent and distribution are concerned, since the adopting parent, although fully able, failed to carry out the obligations imposed by §3107.13 R. C. in respect to education and maintenance," which if established to be true "is not enough to invalidate an otherwise legal adoption or to change the plan provided under the laws of descent and distribution."

The judgment of the court of Probate is affirmed.